**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **RICHMAN TECHNOLOGY CORPORATION,** | Civil Action No.: |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **ABODE SYSTEMS, INC.,** | |
| Defendant. | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff, Richman Technology Corporation ("Plaintiff" or "Richman"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Abode Systems, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 8,350,698 ("the '698 Patent"), which is attached hereto as Exhibit A and incorporated herein by reference, from U.S. Patent No. 8,981,933 ("the '933 Patent"), which is attached hereto as Exhibit B and incorporated herein by reference, and from U.S. Patent No. 9,449,484 ("the '484 Patent"), which is attached hereto as Exhibit C and incorporated herein by reference, and may collectively be referred to as the "Patents-in-Suit," and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.      Plaintiff is a Delaware corporation with a place of business at 7840 Mission Center Ct., San Diego, CA 92108.

1

3.      Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 345 Park Avenue, San Jose, California 95110. Upon information and belief, Defendant may be served with process c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq.*

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

7.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) being incorporated in this District.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its physical presence, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

9.      On January 8, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '698 Patent, entitled "METHOD AND PROTOCOL FOR REAL TIME SECURITY SYSTEM" after a full and fair examination. The '698 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

10.      Plaintiff owns of the '698 Patent, having received all right, title and interest in and to the '698 Patent from the inventors.  Plaintiff possesses all rights of recovery under the '698 Patent, including the exclusive right to recover for past infringement.

11.      On March 17, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '933 Patent, entitled "SYSTEM FOR REAL TIME SECURITY MONITORING" after a full and fair examination. The '933 Patent is attached hereto as Exhibit B and incorporated herein as if fully rewritten.

12.      The '933 Patent is a continuation of the '698 Patent and their Specifications are effectively identical except for the different claims sets and the cross reference to related applications shown in the '933 Patent.

13.      Plaintiff owns of the '933 Patent, having received all right, title and interest in and to the '933 Patent from the inventors.  Plaintiff possesses all rights of recovery under the '933 Patent, including the exclusive right to recover for past infringement.

14.      On September 20, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '484 Patent, entitled "SYSTEM FOR REAL TIME SECURITY MONITORING" after a full and fair examination. The '484 Patent is attached hereto as Exhibit C and incorporated herein as if fully rewritten.

15.     The '484 Patent is a continuation of the '933 Patent and their Specifications are effectively identical except for the different claims sets and the cross reference to related applications shown in the '484 Patent.

16.     Plaintiff owns of the '484 Patent, having received all right, title and interest in and to the '484 Patent from the inventors.  Plaintiff possesses all rights of recovery under the '484 Patent, including the exclusive right to recover for past infringement.

17.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

18.     The inventions claimed in the Patents-in-suit pertain to systems and methods for security monitoring in real time.

19.     Claim 14 of the '698 Patent states:

> "14. A security system, comprising:
>        a guard device configured to be worn or carried by a human security guard and comprising a microprocessor control having wireless communications capabilities;
>        a sensor configured to detect conditions at a site and provide signals indicative of the conditions detected; and
>        a headquarters processor configured to receive the signals from the sensor, wherein the headquarters processor is configured to process the signals to determine an action to be taken if an event has occurred;
>        wherein the action includes sending instructions to a human guard." See Exhibit A.

20.     Claim 13 of the '933 Patent states:

> "13. A security system, comprising:
>        a sensor device configured to detect conditions at a site and provide signals indicative of the conditions detected, and
>        a headquarters processor configured to receive the signals from the sensor device, wherein the headquarters processor is configured to process the signals to determine an action to be taken if an event has occurred,
>        wherein the action includes at least one of notifying a human guard of the event and sending instructions to a human guard." See Exhibit B.

4

21.     Claim 17 of the '484 Patent states:

> "17. A method comprising:
>         generating sensor signals at a plurality of sensors configured to detect conditions at a site;
>         transmitting the sensor signals to a headquarters processor configured to receive sensor signals from multiple sites, wherein the headquarters processor is configured to process the signals to determine an action to be taken if an event has occurred;
>         processing the sensor signals at the headquarters processor to determine an action to be taken if an event has occurred, wherein the action includes at least one of notifying a human guard of the event and sending instructions to a human guard." See Exhibit C.

22.     Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in at least one claim of the '698 Patent. More particularly, Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in Claim 14 of the '698 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a system and/or method that encompasses that which is covered by Claim 14 of the '698 Patent.

23.     Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in at least one claim of the '933 Patent. More particularly, Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in Claim 13 of the '933 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a system and/or method that encompasses that which is covered by Claim 13 of the '933 Patent.

24.     Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in at least one claim of the '484 Patent. More particularly, Defendant commercializes, inter alia, systems and/or methods that meet all the limitations recited in Claim 17 of the '484 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a system and/or method that encompasses that which is covered by Claim 17 of the '484 Patent.

**DEFENDANT'S PRODUCT(S)**

25.     Defendant offers solutions, such as the "Abode Smart Security Kit" (the "Accused Product")[1], that includes sensors that will detect any abnormal activity in the house.

**i.**   The Accused Product vs. the '698 Patent

26.     A non-limiting and exemplary claim chart comparing the Accused Product of Claim 14 of the '698 Patent is attached hereto as Exhibit D and is incorporated herein as if fully rewritten.

27.     The Accused Product provides a security system that alerts users to any activity in their home, on user's mobile device ("guard device") carried by a user.  See Exhibit D.

28.     As recited in Claim 14, the Accused Product has different sensors including motion sensors, door/window sensors, etc. The motion sensor detects any movement in the house and the door/window sensor detects when doors/windows of house are open or closed. See Exhibit D.

29.     As further recited in Claim 14, the Accused Product provides sensors which are connected with the cloud ("headquarters processor") through a Gateway device. Whenever sensors detect any movement in home, user receives an alert message on mobile phone through the Abode mobile application. See Exhibit D.

30.     The elements described in the preceding paragraphs are covered by at least Claim 14 of the '698 Patent. Thus, Defendant's use of the Accused Product is enabled by the system described in the '698 Patent.

---

[1] The Accused Product is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Product that may be added at a later date.

**ii.**   The Accused Product vs. the '933 Patent

31.     A non-limiting and exemplary claim chart comparing the Accused Product of Claim 13 of the '933 Patent is attached hereto as Exhibit E and is incorporated herein as if fully rewritten.

32.     The Accused Product provides complete security solutions through installed motion sensors and door/window sensors. The motion sensor detects any movement in the house and the door/window sensor detects when doors/windows of house are open or closed.  See Exhibit E.

33.     As recited in Claim 13, the Accused Product provides sensors connected with the cloud ("headquarters processor") through a Gateway device. Whenever sensors detect any movement in home, user receives an alert message on mobile phone through the Abode mobile application. See Exhibit E.

34.     The elements described in the preceding paragraphs are covered by at least Claim 13 of the '933 Patent. Thus, Defendant's use of the Accused Product is enabled by the system described in the '933 Patent.

**iii.**   The Accused Product vs. the '484 Patent

35.     A non-limiting and exemplary claim chart comparing the Accused Product of Claim 17 of the '484 Patent is attached hereto as Exhibit F and is incorporated herein as if fully rewritten.

36.     The Accused Product provides a complete security solution by installing motion sensors, door/window sensors, etc. in a house. The motion sensors detect movement and the door/window sensor detects when doors/windows of house are open or closed.  See Exhibit F.

37.     As recited in one step of Claim 17, the Accused Product connects sensors wit hthe cloud ("headquarters processor") through a Gateway device. Whenever sensors detect any movement in home, user receives an alert message on mobile phone through the Abode mobile application. See Exhibit F.

38.     The elements described in the preceding paragraphs are covered by at least Claim 17 of the '484 Patent. Thus, Defendant's use of the Accused Product is enabled by the systems and/or methods described in the '484 Patent.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

39.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

40.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the Patents-in-Suit.

41.     Defendant has had knowledge of infringement of the Patents-in-Suit at least as of the service of the present Complaint.

42.      Defendant has directly infringed and continues to directly infringe at least one claim of the Patents-in-Suit by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the Patents-in-Suit, Plaintiff has been and continues to be damaged.

43.     Defendant has induced others to infringe the Patents-in-Suit by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

44.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 271.

45.     Defendant has committed these acts of infringement without license or authorization.

46.     As a result of Defendant's infringement of the Patents-in-Suit, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

47.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

48.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

49.     Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the Patents-in-Suit either literally or under the doctrine of equivalents;

b.   An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.   That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patents-in-Suit;

d.   An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e.   An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: January 17, 2022                         Respectfully submitted,

Together with:                                  CHONG LAW FIRM PA

Andrew S. Curfman (*Pro hac vice forthcoming*)  */s/ Jimmy Chong*_____
SAND, SEBOLT & WERNOW CO., LPA                  Jimmy Chong (#4839)
Aegis Tower – Suite 1100                        2961 Centerville Road, Suite 350
4940 Munson Street NW                           Wilmington, DE 19808
Canton, Ohio 44718                              Telephone: (302) 999-9480
Telephone: (330) 244-1174                       Facsimile: (302) 800-1999
Facsimile: (330) 244-1173                       Email: chong@chonglawfirm.com
andrew.curfman@sswip.com

                                                ATTORNEYS FOR PLAINTIFF